IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| AL-JERNON J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00198-MJH |
| | ) | |
| v. | ) | Judge Marilyn J. Horan |
| | ) | |
| CHRISTIAN RENAUD, Officer, MIDDLESEX TOWNSHIP, and DAVISON, Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Al-Jernon J. Smith, proceeding *pro se*, brings this civil-rights action under 42 U.S.C. § 1983, arising from a March 3, 2024 encounter with Middlesex Township police, during which he alleges he was unlawfully and unconstitutionally detained. The Amended Complaint asserts three claims: a Fourth Amendment unreasonable seizure claim against Officer Renaud (Count I); a Fourteenth Amendment equal protection claim against Officer Renaud and Sergeant Davison (Count II); and a municipal liability claim against Middlesex Township under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Count III). Before the Court is the Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14), together with their supporting Brief (ECF No. 15). This Motion has been fully briefed and is now ripe for decision. (ECF Nos. 17, 18.) For the following reasons, the Motion will be granted, and the Amended Complaint will be dismissed with leave to amend.

## I. BACKGROUND

Plaintiff initiated this action on February 4, 2026, and was granted leave to proceed *in forma pauperis*. After the parties conferred regarding asserted deficiencies in Plaintiff's initial

complaint, Plaintiff filed the operative Amended Complaint on May 15, 2026. (ECF No. 13.)[1] Defendants here moved to dismiss all claims. (ECF No. 16). The following allegations are drawn from the Amended Complaint and are accepted as true for purposes of the Motion.

On March 3, 2024, Plaintiff was completing a package delivery within a gated residential community in Middlesex Township, Pennsylvania. (ECF No. 13 ¶ 8.) He parked his vehicle and exited it to make the delivery. He alleges that he had not engaged in any observed traffic violation or criminal conduct. (*Id.* ¶¶ 9–10.) According to the Amended Complaint, Officer Renaud had followed Plaintiff into the community and remained in the area for "approximately thirty (30) to forty (40) minutes" before initiating his encounter with the Plaintiff, during which time Plaintiff's vehicle remained parked and Plaintiff remained outside. (*Id.* ¶¶ 11–14.)

Following those thirty to forty minutes, without activating his emergency lights or siren, Officer Renaud instructed Plaintiff to approach the officer's patrol vehicle and present his identification and registration after Plaintiff had completed his delivery. (*Id.* ¶¶ 15–16.) Plaintiff complied and was subsequently detained. (*Id.* ¶¶ 17–18.) The Amended Complaint avers that Officer Renaud shifted his rationale for the stop—referencing first an alleged brake-light issue, and then an issue with Plaintiff's inspection sticker. The supervising officer, Sergeant Davison, later confirmed that Plaintiff's inspection sticker was indeed valid. (*Id.* ¶¶ 19–21.) Plaintiff further alleges that Sergeant Davison inappropriately questioned the validity of his driver's license and speculated as to the possibility of a child-support-related license suspension, even before either officer performed an official records check. (*Id.* ¶¶ 23–24.)

Approximately twenty-five days later, Plaintiff received several traffic citations by mail. (*Id.* ¶ 26.) He appeared in court, and the citations were withdrawn and dismissed in full, with no

---

[1] Plaintiff originally captioned this document as a "Second Amended Complaint," but the Court refers to it hereafter as the "Amended Complaint."

fines or costs imposed. (*Id.* ¶¶ 28–30.) Plaintiff also alleges that Officer Renaud was terminated from his employment on or about June 5, 2024, and that certain citation paperwork relating to Plaintiff's detention was approved after that date. (*Id.* ¶¶ 31–32.) From these allegations, the Amended Complaint asserts the three § 1983 claims and seeks declaratory relief, compensatory and punitive damages, plus costs.

## II. RELEVANT STANDARD

Because Plaintiff here proceeds *pro se*, the Court construes his Amended Complaint liberally and holds it to a less stringent standard than a pleading drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, a document filed *pro se* is "to be liberally construed," and a court makes reasonable allowances for a *pro se* litigant's lack of legal training. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam); *see also* Fed. R. Civ. P. 8(e). This prescribed tolerance, however, has limits. A *pro se* litigant remains subject to the rules of procedural and substantive law. *Garrett v. Wexford Health Sources, Inc.*, 938 F.3d 69, 92 (3d Cir. 2019). Moreover, *pro se* pleadings must still satisfy the plausibility standard imposed by Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8.

In resolving a motion under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when its factual content permits the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

The Court need not, however, credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or "legal conclusions cast in the form of factual averments." *Iqbal*, 556 U.S. at 678; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The well-pleaded facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–13 (3d Cir. 2009). Finally, where a Plaintiff's complaint is subject to dismissal under Rule 12(b)(6), the Court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice," *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile where an amended complaint "would fail to state a claim upon which relief could be granted." *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining*, 615 F.3d at 175).

Before turning to the merits, the Court must address the materials it may properly consider as of record. For a Rule 12(b)(6) motion, a court may ordinarily consider only the allegations in the complaint, exhibits attached to it, matters of public record, and any undisputedly authentic document that is otherwise integral to or explicitly relied upon in the complaint. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If a court considers matters outside those categories, it must ordinarily convert the motion to one for summary judgment and afford the parties a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d). Accordingly, the Court may, at this stage, properly consider the Butler County Magisterial District Court's Notices of Withdrawal of Charges submitted by Plaintiff as an exhibit

to his opposition.[2] Magisterial court records integral to the allegations of the Amended Complaint are public records properly before the Court at the pleading stage. *See Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018); *In re Asbestos Prods. Liab. Litig.* (No. VI), 822 F.3d 125, 133 n.7 (3d Cir. 2016).

Defendants ask the Court to consider, as exhibits to their motion, a settlement-demand letter and a sworn affidavit, each purportedly prepared by Plaintiff in 2024 and attached to his original Complaint. (ECF No. 15-1.) The Court declines to do so at this stage. The aforementioned documents are neither attached to nor referenced in Plaintiff's revised Amended Complaint (ECF No. 13), which, as a matter of procedure, entirely supersedes his original Amended Complaint. *See W. Run Student Hous. Assocs. v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (holding an amended complaint supersedes the original, and statements in a superseded pleading are not binding judicial admissions). More to the point, the exhibits in question are neither matters of public record, nor have they otherwise been independently authenticated, which bars their inclusion at this stage. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.

Although Defendants offer Plaintiff's affidavit to provide factual "context," rather than as a binding admission, the affidavit supplies statements to establish the truth of the matters it recounts—chiefly, that Plaintiff lacked a valid driver's license and that Officer Renaud indeed observed Plaintiff's vehicle before he initiated the stop. To resolve the present Motion on the strength of those assertions would require the Court to make findings on a disputed factual record, which Rule 12(b)(6) forbids. As such, for present purposes, the Court confines its analysis to the four corners of Plaintiff's Amended Complaint as well as the Butler County legal documents.

---

[2] *See* ECF No. 17-1, at 1–3 (Notices of Withdrawal of Charges, Nos. MJ-50303-TR-0000407-2024, -0000408-2024 & -0000409-2024).

## III. DISCUSSION

### A. Count I: Fourth Amendment Unreasonable Seizure

Count I alleges that Officer Renaud seized Plaintiff in violation of the Fourth Amendment by detaining him without reasonable suspicion. A vehicle stop is a seizure within the meaning of the Fourth Amendment, and its reasonableness is judged by an objective standard. *Whren v. United States*, 517 U.S. 806, 813 (1996). An officer may lawfully perform such a stop where he possesses reasonable suspicion, grounded in specific and articulable facts, that a violation of the law has occurred. *United States v. Delfin-Colina*, 464 F.3d 392, 398 (3d Cir. 2006). Because this inquiry is objective, the officer's subjective motivations are immaterial. *Whren*, 517 U.S. at 813. Thus, an objectively reasonable suspicion as to any offense will justify a traffic stop, even if it is not the offense the officer invoked or ultimately charged. *Cf. Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (holding that probable cause need exist as to only one chargeable offense).

Measured against that standard, the Amended Complaint does not plausibly allege that Plaintiff's detention was unsupported by reasonable suspicion. Plaintiff asserts that Officer Renaud acted "without specific and articulable facts" and failed to articulate a "consistent, contemporaneous factual basis" for the stop. (ECF No. 13 ¶¶ 22, 34, 36.) These allegations are, however, legal conclusions that the Court need not accept. *Iqbal*, 556 U.S. at 678. The facts, while well-pleaded, do not support an inference that Officer Renaud lacked an objective basis for the stop.

Plaintiff alleges that Officer Renaud followed his vehicle into the community and referenced a brake-light issue as a basis for the stop. (ECF No. 13 ¶¶ 11, 19.) A malfunctioning brake or stop lamp is a violation of the Pennsylvania Vehicle Code, justifying a traffic stop. *See*

75 Pa.C.S. § 4303(b). Furthermore, Plaintiff alleges that Officer Renaud followed the vehicle into the community (ECF No. 13 ¶ 11). This places the officer behind Plaintiff's vehicle while both vehicles were in motion, from which he may have been able to observe the operation of Plaintiff's brake lamp.

Next, because the governing standard is objective, the alleged inconsistency of Officer Renaud's stated reasons for the traffic stop is immaterial. *Whren*, 517 U.S. at 813. The validity of a traffic stop will turn on the facts available to the officer at its commencement. Whether a citation was issued at all—for the stated offense, a different offense, or was later withdrawn—has no bearing on the validity of the stop itself. *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005); *Orsatti v. N.J. State Police*, 71 F.3d 480, 482–83 (3d Cir. 1995). The subsequent withdrawal and dismissal of the citations Plaintiff later received therefore do not, without more, render the initial stop and detention unconstitutional.

Accordingly, the claim fails as pleaded. Mindful of the latitude this Court owes a *pro se* litigant, however, the Court cannot necessarily conclude that the deficiency is incurable. Plaintiff may yet be able to allege additional facts that would plausibly indicate that Officer Renaud lacked an objective basis for the stop. Accordingly, Defendants' Motion to Dismiss will be granted as to Count I. Because the Court cannot conclude that any attempt by Plaintiff to cure the pleading deficiency would be futile, Plaintiff will be granted leave to amend Count I. *Grayson*, 293 F.3d at 108.

**B. Count II: Fourteenth Amendment Equal Protection**

Count II alleges that Officer Renaud and Sergeant Davison subjected Plaintiff, an African American male, to selective enforcement based on his race, in violation of the Equal Protection Clause. Plaintiff's relevant allegations in support of this claim are as follows:

> 39. Plaintiff is an African American male.
>
> 40. Plaintiff was subjected to extended surveillance, investigatory detention, and questioning unsupported by verified facts.
>
> 41. Defendant Davison's questioning regarding an alleged child support-related suspension occurred before official verification.
>
> 42. The detention involved assumptions and investigatory treatment not grounded in neutral, fact-based criteria.
>
> 43. Upon information and belief, similarly situated individuals not belonging to Plaintiff's protected class were not subjected to comparable treatment herein.
>
> 44. Defendants' conduct constituted selective enforcement and unequal treatment in violation of the Equal Protection Clause.

ECF No. 13 ¶¶ 39–44.

To state an equal protection claim, a plaintiff must plausibly allege both that he was treated differently from similarly situated individuals and that such differential treatment was based upon race or another impermissible classification. *Harvard v. Cesnalis*, 973 F.3d 190, 205 (3d Cir. 2020); *Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 551 (3d Cir. 2011). Indeed, "the failure to identify similarly situated persons dooms an equal protection claim." *Stradford v. Sec'y Pa. Dep't of Corr.*, 53 F.4th 67, 74 (3d Cir. 2022).

The Amended Complaint identifies no comparably situated person. Its sole and conclusory allegation of disparate treatment, quoted above, rests upon nothing more than information and belief. (ECF No. 13 ¶ 43.) Plaintiff does not identify any individual of another race who was treated more favorably under comparable circumstances, nor does he plead facts from which the existence of such a person could be inferred. Moreover, Plaintiff was squarely confronted with the comparator requirement of an equal protection claim as raised by Defendants in their Brief. In his Reply Brief, Plaintiff does not address Defendants' argument at all for dismissal of the equal protection claim. Absent sufficient comparator allegations, Plaintiff fails to plead a viable equal

protection claim. Defendants' Motion to Dismiss will be granted as to Count II. However, the Court cannot conclude that amendment would be futile, thus Plaintiff will be granted leave to amend Count II.

**C. Count III: Municipal Liability/*Monell* Claim**

Count III asserts that Middlesex Township is liable under § 1983 for the violation of Plaintiff's rights. "To plead a municipal liability claim, a plaintiff must allege that 'a [local] government's policy or custom ... inflict[ed] the injury' in question." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Monell*, 436 U.S. at 694). To properly plead a failure-to-train or failure-to-supervise claim, a plaintiff must show that the defendant's "failure to train its employees 'reflects a deliberate or conscious choice.'" *Estate of Roman*, 914 F.3d at 798 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)). In addition, for § 1983 liability to exist, the failure to train must "amount[ ] to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). As explained by the United States Court of Appeals for the Third Circuit:

> A plaintiff sufficiently pleads deliberate indifference by showing that (1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.

*Estate of Roman*, 914 F.3d at 798 (quoting *Doe v. Luzerne Cnty.*, 660 F.3d 169, 180 (3d Cir. 2011)).

Plaintiff's claim of municipal liability rests upon an alleged policy or custom, and/or a failure to train or supervise; however, he pleads no facts to support such claims. The Amended Complaint alleges only, in conclusory terms, that Middlesex Township "maintained customs, practices, or failures in training and supervision" and expressed "deliberate indifference" to the

resulting risk. (ECF No. 13 ¶¶ 47, 51, 53.) He identifies no policy, points to no prior incident, and describes no pattern of conduct. Rather, Plaintiff's claims are predicated entirely upon a single encounter. One such incident cannot support an inference of a pattern, implicate a municipal policy or custom, or suggest deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Brown v. City of Pittsburgh*, 586 F.3d 263, 293 (3d Cir. 2009). Moreover, Plaintiff's contention, that he cannot plead such facts without discovery, (ECF No. 17) inverts the requisite pleading burden. A plaintiff must state a plausible claim before he is entitled to discovery, not the reverse. *Iqbal*, 556 U.S. at 678–79. He therefore has not alleged sufficient facts to state any sufficient claim for municipal liability.

Because the Amended Complaint fails to sufficiently plead facts to support any § 1983 municipal liability claim, Defendants' Motion to Dismiss will be granted as to Count III. Because the Court cannot conclude that any attempt for Plaintiff to cure the pleading deficiency would be futile, Plaintiff will be granted leave to amend Count III.

## IV. CONCLUSION

For the reasons stated in this Opinion, Defendant's Motion to Dismiss will be granted, the Amended Complaint will be dismissed, and Plaintiff will be given leave to amend.

## ORDER

AND NOW, this 20th day of August 2026, for the reasons set forth above, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 14, is GRANTED.

Plaintiff's Amended Complaint is dismissed without prejudice.

Plaintiff is permitted leave to amend his Amended Complaint to address the deficiencies identified in this Opinion. Any amended complaint is due by September 25, 2026. If no amended complaint is filed by September 25, 2026, this case shall be dismissed, and the case will be closed without further notice.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Al-Jernon Smith
603 Manning Avenue
McKeesport, PA 15132